UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.   SA 19-CR-00162-DOC-1                                            Date: July 28, 2021

Present: The Honorable:   DAVID O. CARTER, United States District Judge

Interpreter   N/A

| Kelly Davis | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) Present  App  Ret | Present | Cust | Bond | Attorneys for Defendants: |
|---|---|---|---|---|
| Susan H. Poon | NOT | X | N/A | |

**Proceedings: (IN CHAMBERS) DENYING MOTION FOR NEW TRIAL [80]**

### I.   INTRODUCTION

Before the Court is Defendant Susan Poon's ("Defendant") Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33 ("Motion") (Dkt. 80). The Court heard oral argument on July 19, 2021. Having reviewed the moving papers submitted by the parties and considered oral argument, the Court DENIES the motion.

On June 8, 2021, a jury found Defendant guilty of health care fraud and related offenses. Dkt 70. In her Motion, Poon moves for a new trial because her "5th amendment right to due process and 6th amendment right to an impartial jury were violated by allowing masked jurors," during both jury selection and trial. Mot. at 3. Poon asserts that "the ability to see the jury fully and evaluate all aspects of their answers to questions [and] their demeanor" is "[f]undamental," and that Defendant was "wholly unable to make such evaluations" given the juror's choice of whether or not to wear a mask. *Id.* at 5.

Defense objected to the masking of prospective and actual jurors and of the witnesses at trial. *Id.* at 3. The Court ruled that witnesses had the option to wear a clear plastic face guard provided by the court clerk or testify with no mask. *Id.* In addition, a plexi-glass shield encompassed the witness box to provide supplementary safeguards. All 19 trial witnesses opted to testify without a mask. *Id.*

The Court overruled Defense counsel's objection as to the jurors. The Court reasoned it was appropriate for jurors to have the choice of whether to remain masked given the weighty, countervailing health and safety

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

considerations in light of the ongoing COVID-19 pandemic. Jurors remained mostly masked during jury selection and during trial, with three jurors electing to remove their masks while seated at the mid-point of the trial. *Id*.

Defendant filed this Motion on June 11, 2021 (Dkt. 80). Plaintiff USA opposed the Motion on June 14, 2021 ("Opposition") (Dkt. 80).

II. **ARGUMENT**

   a. **STANDARD**

Under Federal Rule of Criminal Procedure 33(a), a court "may vacate any judgment and grant a new trial if the interest of justice so requires." The burden of justifying a new trial rests with the defendant. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). "[New trial] motions are generally disfavored and should only be granted in exceptional cases." *United States v. Carter*, 2020 WL 3542376, at 2 (E.D. Cal. June 30, 2020) (citing *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 1981)); *see also United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). Such motions should be granted only where "a serious miscarriage of justice may have occurred." *United States v. Kellington*, 217 F. 3d 1084, 1097 (9th Cir. 2000) (citation omitted).

A defendant must establish a genuine concern that she was wrongly convicted to overturn a presumptively valid guilty verdict: "There must be a real concern that an innocent person may have been convicted. It is only when it appears that an injustice has been done that there is a need for a new trial 'in the interest of justice.'" *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).

   b. **DISCUSSION**

Defendant asserts that Defense counsel was "wholly unable to make [juror] evaluations". Mot. at 5.

In the spring of 2020, following California's considerable progress in flattening the curve of COVID-19 cases, the Central District commenced comprehensive efforts to resume in-person jury trials in the Santa Ana courthouse. As part of those efforts, the Court followed relevant COVID-19 related CDC protocols, including: social distancing, mask wearing, and hand sanitizing. Jurors were separated by six feet for safe social distancing when seated in the jury box. Employing these COVID-19 safety protocols enabled the Court to oversee the first post-pandemic criminal trial in the Central District and protect Defendant's Sixth Amendment right to a speedy trial.

Defendant has failed to show that Defense counsel was unable to make juror evaluations because during voir dire, Defendant and her counsel were able to fully assess prospective jurors' answers to questions, evaluate their posture and attention when answering questions, and hear the intonation and cadence of their voices. Defendant and Defense counsel were further able to observe the jurors' demeanor during trial. In particular,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

their body posture and eyes expressed their expressiveness, whether positive or negative, and made apparent their alertness.

District courts have similarly ruled that allowing jurors to wear masks during trial does not meaningfully affect counsel's assessment of credibility. *United States v. Tagliaferro*, 2021 WL 1225990, at 2-4 (S.D.N.Y. Mar. 31, 2021) ("Being able to see jurors' noses and mouths is not essential for assessing credibility because demeanor consists of more than those two body parts since it includes the language of the entire body."); *United States v. Trimarco,* 2020 WL 5211051, at 5-6 (E.D.N.Y. Sept. 1, 2020) (rejecting challenge to requirement that jurors and defendant wear masks during trial, and observing that there are ways to gauge credibility other than seeing someone's mouth and nose); *United States v. Crittenden*, 2020 WL 4917733, at *8 (M.D. Ga. Aug. 21, 2020) (rejecting argument that "observation of the nose and mouth are essential to evaluating demeanor," and noting that, "[t]hrough their review of informative juror questionnaires and questioning during voir dire, the parties should obtain sufficient information to detect bias, disqualify jurors for cause, and exercise pre-emptory challenges," which is "what the Constitution requires"). The Ninth Circuit recognized the same. *United States v. De Jesus-Casteneda*, 705 F.3d 1117, 1119-20 (9th Cir. 2013) (allowing confidential informant to testify while wearing a wig and mustache to disguise his identity).

Further, Defendant has not shown any binding authority that the use of masks during voir dire violates Defendant's Sixth Amendment right to an impartial jury or Due Process. Other courts have held the same. *See United States v. Robertson*, 2020 WL 6701874, at 2 (D.N.M. Nov. 13, 2020): "The Court is aware of no authority, nor has [defendant] cited any, holding that the Sixth Amendment right to an impartial jury or Due Process demand that the defendant have unimpeded visual access to prospective jurors' facial expressions during jury selection." Allowing jurors and prospective jurors to wear masks did not diminish the Court's or Defense counsel's ability to select a fair and impartial jury, and the Court's decision to allow jurors the choice given the health and safety concerns of the pandemic fell well within its discretion. *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981) ("[F]ederal judges have been accorded ample discretion in determining how to best conduct the voir dire.").

As to the petit jury, courts have held that masks do not, per se, violate the Sixth or Fifth Amendment. *See, e.g., De Jesus-Casteneda*, 705 F.3d at 1119-20 (allowing an informant to testify while wearing a disguise, and holding that protecting a witness's safety can be a sufficient public policy concern to permit some intrusion on the defendant's confrontation rights, so long as "the reliability of the testimony is otherwise assured"); *Morales v. Artuz*, 281 F.3d 55, 58 (2d Cir. 2002) (permitting witness to testify with dark sunglasses); *Tagliaferro*, 2021 WL 1225990, at *2-4 (rejecting host of constitutional challenges to masks). Additionally, courts have repeatedly held that COVID-19 presents a sufficient health risk to warrant the use of masks, even as to witnesses. *See, e.g., United States v. Jones*, 2020 WL 6081501, at 2-3 (D. Ariz. Oct. 15, 2020) ("[B]ecause the mask protocol furthers an important public policy and the reliability of mask-wearing witnesses is otherwise assured, General Order 20-26 does not violate the Sixth Amendment's Confrontation Clause guarantee."); *Crittenden*, 2020 WL 4917733, at 8 (finding COVID-safety concerns significant enough to require witness

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

masking in trial); *Crittenden*, 2020 WL 4917733, at 13-20 (detailing COVID health risks and the importance of masks, and rejecting request that jurors be unmasked during trial); *Trimarco*, 2020 WL 5211051, at 15 (rejecting defendant's request that jurors be unmasked during trial).

The Speedy Trial Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." This clause protects the defendant from delay between the presentation of the indictment or charging instrument and the beginning of trial. On November 25, 2020, Defendant and Plaintiff requested that the Court hold the trial in early June of 2021 (Dkt. 49). The Defendant did not ask the Court for any further continuance and maintained her request that the trial be held in June. The coronavirus pandemic required the Court to balance Defendant's right to a speedy trial under the Sixth Amendment with its commitment to keep the public safe from COVID-19. The Court takes judicial notice of the fact that on the first day of trial, June 2, 2021, only 44.3% of Californians were fully vaccinated.[1] Amidst a global pandemic and despite this widely accessible fact, Defendant remained intent on proceeding to trial. In permitting jurors the choice to wear a mask, the Court believes it struck the proper balance: Defendant had their day in court on the date that Defendant requested and proper mitigation measures were taken to protect public health during an unprecedented pandemic.

The Court therefore finds that its determination that jurors be allowed to remain masked in this narrow circumstance was reasonable given the weighty health and safety considerations of the COVID-19 pandemic and did not affect Defendant or her counsel's ability to evaluate prospective jurors or jurors during voir dire or the trial.

Therefore, the Court hereby DENIES Defendant's motion for a new trial.

cc

**Initials of Deputy Clerk**   kd

---

[1] Kurt Snibbe, *Here's How Much of California is Fully Vaccinated and the Tier Assignments as of June 1*, MERCURY NEWS (June 2, 2021), https://www.mercurynews.com/2021/06/02/coronavirus-heres-how-much-of-california-is-fully-vaccinated-and-the-tier-assignments-as-of-june-1/.